JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-5363-GW-PDx** | Date | July 8, 2025 |
|---|---|---|---|
| Title | ***Han Ji-Wook v. USKN, Inc., et al.*** | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**     ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

        On June 25, 2024, plaintiff Han Ji-Wook ("Han") filed suit in this Court. *See* Complaint, Docket No. 1. Han asserted that this Court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because more than $75,000 was in controversy and the matter was between "citizens of different states" and "citizens of a state and citizens or subjects of a foreign state." *Id*. at 1-2. However, his Complaint indicates that he is a Korean citizen and at least two defendants are Korean citizens. *Id*. at 2-3, 7. The Complaint also fails to allege the citizenship of several other defendants, only alleging their residency. *Id*. at 2-3.

        On May 8, 2025, Han filed a motion for default judgment against only one defendant. *See* Docket No. 32. On May 19, 2025, the Court conferred with Han's counsel regarding various matters in regards to the motion and the litigation in general. *See* Docket No. 37. On June 17, 2025, the Court issued an order to show cause in writing by June 23, 2025, as to why this Court had subject matter jurisdiction over this action given the presence of foreign citizens on both sides of the litigation and the absence of allegations as to the citizenship of some defendants. *See* Docket No. 38. Han did not file any written response. At the June 30, 2025 hearing, Han was ordered to file a supplemental brief by July 7, 2025.

        On July 7, 2025, Han filed a two-page "Response to O.S.C. Re: Jurisdiction." *See* Docket No. 41. It only addresses the citizenship of Jin Woong (the defendant against whom Han is presently seeking a default judgment) and contends that, because there is no evidence before the Court that Jin Woong is a foreign national, the Court may retain jurisdiction until there is evidence otherwise. *Id*.

        Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5363-GW-PDx | Date | July 8, 2025 |
|---|---|---|---|
| Title | *Han Ji-Wook v. USKN, Inc., et al*. | | |

omitted). Han's suggestion that the Court presume diversity exists between Han and Jin Woong until proven otherwise is contrary to law. Though Han contends that there is no evidence that Jin Woong is a foreign citizen, the Court has no evidence before it of Jin Woong's citizenship at all. Indeed, Han still has made no allegation as to the citizenship of Jin Woong or the two other defendants the Court discussed in its Order to Show Cause. A "failure to specify" the citizenship of a party is "fatal to [an] assertion of diversity jurisdiction." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

Moreover, the Court "must dismiss [a] case for lack of complete diversity of the parties" where there are "aliens on both sides of the litigation." *Arai v. Tachibana*, 778 F. Supp. 1535, 1543 (D. Haw. 1991); *see also Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024). Han suggests that the Court may ignore the apparent presence of Korean citizens on both sides of the litigation because at this time he is presently only seeking a default judgment against one defendant. However, for jurisdictional purposes, "the contents of a plaintiff's operative complaint controls the suit." *Baldwin for & on behalf of K.B. v. Kalispell Sch. Dist. #5*, 763 F. Supp. 3d 1174, 1176 (D. Mont. 2025). Because Han is a Korean citizen, and has asserted a cause of action in his operative Complaint against at least two Korean citizens, complete diversity is destroyed – even if diversity existed between Han and Jin Woong.

The fact that Jin Woong has not yet appeared in this action does not permit the Court to adopt, as Han appears to suggest, a "wait-and-see" approach to subject matter jurisdiction where there is insufficient evidence before it that jurisdiction is proper. "Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction." *Flores v. Flores*, 590 F. Supp. 3d 1373, 1379 (W.D. Wash. 2022); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). Han's response to the Court's Order to Show Cause has not addressed the apparent deficiencies in subject matter jurisdiction that the Court previously identified.

Given that Han has received multiple opportunities to establish subject matter jurisdiction and he has failed to do so, the Court finds that further oral argument is unnecessary. Therefore, pursuant to C.D. L.R. 7-15, the July 10, 2025 hearing is taken off-calendar.

For reasons stated above and in the June 17, 2025 minute order, the Court **DISMISSES** the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**